UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TRENTON HARTMAN                                   CIVIL ACTION NUMBER: 3:22-cv-198

VERSUS

                                              MAGISTRATE _____

PATRICK BRADSHAW, BLUE
DIAMOND TRANSPORTATION, LLC,
AND ARGONAUT INSURANCE COMPANY           JUDGE _____

## **NOTICE OF REMOVAL**

     Defendants, Patrick Bradshaw ("Bradshaw"), Blue Diamond Transportation, LLC ("Blue Diamond"), and Argonaut Insurance Company ("Argonaut"), file this Notice of Removal removing this cause of action from the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, in which it is now pending, to the United States District Court for the Middle District of Louisiana.  This removal is predicated upon the existence of diversity of citizenship between the parties to this litigation and upon the existence of facts which sufficiently show that the amount in controversy at the time of removal exceeded the federal jurisdictional requirement, exclusive of interest and court costs.

1.

     This case was commenced in the 18th Judicial District Court for the Parish of West Baton Rouge. Upon information and belief, the Petition for Damages was filed on February 9, 2022. Service on the Secretary of State for the State of Louisiana, as agent of Bradshaw pursuant La. R.S. 13:3474, occurred on February 18, 2022[1] and Blue Diamond was served via Long Arm Service on February 24, 2022.

---

[1] At present, to the best of Defendants' information and belief, no certificate of notice as required by La. R.S. 13:3475 has been filed into the record in the state court proceeding.  Bradshaw appears herein, out of abundance of caution, for the purpose of removal only.

2.

This action is one of a civil nature founded in Louisiana's tort law; specifically, the plaintiff alleges a claim of negligence under the Louisiana Civil Code and a claim rooted in the doctrine of *Respondeat Superior* as found in LSA-CC Article 2320.   (See: Exhibit 1 - Petition for Damages, ¶ II–IV, VIII.)

3.

A First Supplemental and Amending Petition for Damages ("Amended Petition") was filed into the record on February 28, 2022, adding Argonaut Insurance Company ("Argonaut") as a defendant in this matter. (See: Exhibit 2 – Amended Petition, ¶ 1). Argonaut was served with the Supplemental and Amended Petition on March 3, 2022.

4.

As explained below, Defendants herein assert that this Honorable Court has original jurisdiction over the entitled and numbered cause pursuant to Article III of the United States Constitution and 28 U.S.C. §1332 as this is a suit between diverse parties in which the amount in controversy is likely to exceed seventy-five thousand dollars ($75, 000.00).

## **DIVERSITY CITIZENSHIP**

5.

The Petition sets forth that the plaintiff, Trenton Hartman, is domiciled in the Parish of St. Charles, State of Louisiana. Pursuant to the plaintiff's own admissions, he is domiciled in and citizen of the State of Louisiana. (See: Exhibit 1 - Petition for Damages, intro paragraph).

6.

The plaintiff goes on in his Petition to name two defendants: Blue Diamond Transportation, LLC and Patrick Bradshaw. (See: Exhibit 1 - Petition for Damages, ¶ I).  The Amended Petition

names one other defendant: Argonaut Insurance Company. (See: Exhibit 2 – Amended Petition, ¶ 1).

7.

In the Petition for Damages, the plaintiff alleges that Patrick Bradshaw is domiciled in the county of Broward, in the state of Florida. Accordingly, Defendant Bradshaw is a domiciliary of the state of Florida.   (See: Exhibit 1 - Petition for Damages, ¶ I).

8.

Moreover, in the Petition for Damages, the Plaintiff asserts that Blue Diamond is a foreign corporation authorized to do and doing business in the State of Louisiana. (See: Exhibit 1 - Petition for Damages, ¶ I). Blue Diamond asserts herein that it is Limited Liability Company that was formed under the laws of Florida and is headquartered in the State of Maine.

9.

Pursuant the jurisprudence, the citizenship of an LLC is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling, Co.,* 542 F.3rd 1077 (5th Cir. 2008), and *Turner Bors. Crane and Rigging, LLC v. Kingboard Chemical Holding, Ltd.,* 2007 WL 2848154 (MD-LA 9/24/2007). Under this approach, because Blue Diamond is a limited liability company, to determine its citizenship the domicile of each member of the LLC must be examined.

10.

Blue Diamond is comprised of only one (1) member: Bruce Sargent.

11.

Bruce Sargent, a person of full age and majority, who resides primarily in the county of Osceola, State of Florida. Bruce Sargent also has a residence in the county of Aroostook, State of

Maine. It is believed that Bruce Sargent is a domiciliary of the State of Florida; however, the same result is reached in the instant matter even if Bruce Sargent is domiciled in the state of Maine.

12.

Therefore, under Federal Procedural Law, Blue Diamond is considered a citizen of either the State of Florida or, in the alternative, the State of Maine.

13.

In the Amended Petition, the Plaintiff asserts that Argonaut is a foreign insurance company that is authorized to do and doing business in the State of Louisiana. (See: Exhibit 1 - Petition for Damages, ¶ I). Argonaut asserts herein that it is a stock insurance company, incorporated in and with its principal place of business in Illinois.

14.

For purposes of 28 U.S.C. § 1332, Argonaut is a citizen of the State of Illinois.

15.

Because the plaintiff is a citizen and domiciliary of Louisiana and the defendants are domiciled in Florida and Illinois this case is wholly between citizens of different states and the complete diversity element of 28 U.S.C. §1332 is satisfied.

**AMOUNT IN CONTROVERSY**

16.

LSA–C.C.P. art. 893 specifically prohibits the pleading of the amount of monetary damages sought, and Plaintiff's Petition for Damages did not set forth the specific amount of damages sought therein by the Plaintiff. Moreover, Plaintiff's Petition for Damages does not contain a general allegation that the claims are more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by LSA–C.C.P. art. 893(A)(1).

17.

While the Petition does not specifically set forth the exact amount of damages claimed, the plaintiff alleges various injuries to his neck, back and knee were sustained as a result of the accident giving rise to the instant matter. Specifically, the plaintiff claims that he has sustained the following injuries: disc herniation at L5-S1, acute cervical strain/sprain, acute trapezius strain/sprain, acute lumber strain/sprain, left knee contusion, tear of lateral meniscus, left knee and joint pain, effusion of left knee, sprain/tear of the proximal aspect of the medial collateral ligament (MCL), and general injury to muscles, nerves, tissues, joints, and discs of the cervical and lumbar spine. (See: Exhibit 1 - Petition for Damages, ¶ V).

18.

In his Petition for Damages, the plaintiff seeks damages for each of the following:

> Past, present, and future medicine, drugs, hospitalization, medical care, attendant and support care, pain and suffering, residual disabilities, mental anguish, emotional upset and distress, loss enjoyment of life, loss of personal services, and other psychological sequelae.

(See: Exhibit 1 - Petition for Damages, ¶ VI).

19.

Moreover, on the same date that the Petition for Damages was filed, February 9, 2022, Plaintiff issued correspondence, through his counsel, demanding payment in excess of four-hundred thousand dollars ($400,000.00) in exchange for a full and final settlement of the claims brought against the defendants in the instant suit. (See: Exhibit 3 – Plaintiff's Settlement Demand, page 2).

20.

It is the practice of this Court to consider Plaintiff's pre-removal settlement demand in order to determine whether the amount in controversy requirement is satisfied at the time of removal as this Court has done on numerous occasions. See *Lilly v. Dollar Gen. Corp.*, No. CV 17-459-JJB-RLB, 2017 WL 4836539, at *4 (M.D. La. Sept. 18, 2017), report and recommendation adopted, No. CV 17-459-JJB-RLB, 2017 WL 4820352 (M.D. La. Oct. 25, 2017); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010); *Fairchild v. State Farm Mutual Automobile Ins*. Co., 907 F. Supp. 969, 971 (M.D. La. 1995); and *Carver v. Wal-Mart Stores, Inc*., 2008 WL 2050987 (M.D. La. May 13, 2008).

21.

Additionally, with the above-mentioned correspondence, the plaintiff provides medical bills totaling $42,714.00 at present. (See: Exhibit 3 – Plaintiff's Settlement Demand with medical records attached). He also claims that he is still to undergoing treatment with at least two medical providers and anticipates that he will incur an additional $75,000.00 in medical expenses in the future allegedly as a result of the motor vehicle accident giving rise to the instant litigation. (See: Exhibit 3 – Plaintiff's Settlement Demand, page 2).

22.

While the defendants do not concede that the plaintiff's claimed medical expenses are credible or that they are related to or were caused by the events described in the Petition, the claimed present medical expenses, in addition to the fact that plaintiff seeks to recover future expenses and general pain and suffering, sufficiently establishes that the amount in controversy in this matter is likely to exceed the seventy-five thousand-dollar ($75,00.00) limitation. See *Felton v. GreyhoundLines, Inc*., 324 F.3d 771, 773 (5th Cir. 2003) (finding amount in controversy

requirement was satisfied where record established that the plaintiff incurred over $40,000 in medical expenses prior to removal and also sought damages for pain and suffering stating that "when all of these items are calculated, it becomes more likely than not that the amount-in controversy will exceed $75,000."); and *Bethel v. Nat'l Indem. Ins. Co.*, No. CV 15-391-SDD-RLB, 2015 WL 5636433, at *5 (M.D. La. Sept. 4, 2015), report and recommendation adopted, No. 15-391-SDD-RLB, 2015 WL 5634588 (M.D. La. Sept. 24, 2015).

23.

The amount in controversy element is further supported by Plaintiff's assertion in the attached settlement demand that he has sustained injury to his knee and back following the motor vehicle accident sued upon, including:

> "[O]blique tear of the posterior horn and body of the lateral meniscus, changes of the osteoarthritis involving all three compartments of the knee joint, mild sprain/partial tear of the proximal aspect of the medical collateral ligament, loss of the normal lordotic curve of the lumbar spine, disc herniation at L5-S1, and increased intensity in an annular tear of the annulus fibrosis of the disc anteriorly."

(See: Exhibit 3 – Plaintiff's Settlement Demand, page 1).

24.

Louisiana courts have held that general damages, alone, in cases involving similar combined knee and back injuries can amount to more than $75,000, exclusive of interests and costs. *Stewart v. Ice*, 2007-0871 (La. App. 4 Cir. 4/9/08), 982 So. 2d 928, 932, writ denied, 2008-1000 (La. 8/29/08), 989 So. 2d 101 (Plaintiff with $33,811 in medical expenses and diagnosed with cervical sprain, discogenic lumbosacral sprain, severe sprain and contusion of the right knee, torn medial meniscus, torn lateral meniscus, and partial tear of the medial collateral ligament was awarded $350,000 in general damages); *Harvey v. Cole*, 2000-1849 (La. App. 4 Cir. 1/23/02), 808

So. 2d 771, 782 (Plaintiff who sustained herniated lumbar disc, cervical herniated disc and a torn lateral meniscus in the right knee and had $53,858.00 in past medical expenses was awarded $1,000,000 in general damages); and *Montgomery v. Kedgy*, 44,601 (La. App. 2 Cir. 8/26/09), 21 So. 3d 980, 986, writ denied, 2009-2110 (La. 11/25/09), 22 So. 3d 167 (Plaintiff who sustained a meniscus tear of the right knee and a herniated disk in the lumbar spine, in addition to a wrist injury, was awarded $150,000 in general damages). Even without the component of a back/neck injury, plaintiffs have recovered in excess of $75,000 in general damages. *Miller v. Wal-Mart, Inc.*, JVR No. 136672, 1992 WL 686542 (La. 19th JDC 1992)(Plaintiff who incurred $7,500 in medical expenses and who sustained a torn meniscus and aggravation of preexisting arthritis awarded $82,700 in general damages).

25.

Again, the defendants do not concede that the plaintiff's claimed damages, including past medical and future expenses, are credible or that they are related to or were caused by the events described in the Petition. However, based upon the above and forgiving, it appears that, **if** the plaintiff is able to prove all necessary elements of his negligence claim, it is more likely than not that the amount-in controversy will exceed $75,000, exclusive of interests and costs.

26.

In light of the above and foregoing, this action is one over which this Honorable Court has original jurisdiction under the provisions of 28 U.S.C. §1332 as the amount in controversy requirement, in excess of $75,000.000, is also satisfied.

27.

Accordingly, Defendants herein, all consenting to removal, may remove this case to this Honorable Court for disposition pursuant to the removal provisions of 28 U.S.C. §1441, *et seq*.

28.

Pursuant to 28 U.S.C. §1446(A), copies of process, pleadings and orders of the court in the state action are attached hereto.[2]

Respectfully Submitted:

**PUJOL IRWIN, LLC**

/s/ Timothy E. Pujol
Timothy E. Pujol (#19117) (T.A.)
Barbara Lane Irwin (#28091)
Ashley D. Tadda (#38719)
12320 Highway 44, Building 4, Suite C
Gonzales, Louisiana 70737
Telephone: (225) 644-0607
Facsimile: (225) 644-1688
tpujol@pujolirwin.com
birwin@pujolirwin.com
atadda@pujolirwin.com

*Attorneys for Patrick Bradshaw, Blue Diamond Transportation, LLC, and Argonaut Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing served on:

Patrick G. Kehoe, Jr.
Rebecca Kehoe Thompson
3524 Canal Street, New Orleans, LA 70119
504-588-1110
pgkehoejr@kehoejr.com
rkehoethompson@kehoejr.com

by placing the same in the United States Mail, first class postage prepaid, by sending a copy via electronic mail to the above e-mail address, or by faxing a copy of the same to the above facsimile number, this 24th day of March, 2022.

/s/ Timothy E. Pujol

---

[2] The Petition for Damages, Affidavit of Long Arm Service on Blue Diamond, and Notice of Service on Bradshaw in the state court record are attached hereto as Exhibit 1 and the Amended Petition filed into the state court proceeding is attached hereto as Exhibit 2.